UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



FILED
NOV - 5 2018
Clerk, U.S. District and
Bankruptcy Courts

Deborah Diane Fletcher, )
)
    Plaintiff, )
)
v. ) Civil Action No. 18-2179 (UNA)
)
Grace Jones, )
)
)
    Defendant. )

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis* (IFP). Under the statute governing IFP proceedings, the Court is required to dismiss a case "at any time" if it determines that the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

Based on the complaint's caption, defendant Grace Jones is "Now Known as DC Muriel Bowser, MAYOR," and resides in Landover, Maryland. In the complaint, however, plaintiff claims that the defendant "is a resident of Philadelphia, PA." Compl. at 2. Similarly confusing is plaintiff's purported residence. Although the complaint's caption lists plaintiff's address as a residence in Washington, D.C., plaintiff claims that she "is a resident of Miami, Florida, but present[ly] staying at a Maryland address[.]" Compl. at 2. Regardless, plaintiff sues for "Slander & Liber," *id.* at 1, seeks $3 million in monetary damages, and asserts that "both parties are diverse citizenship." *Id.* at 2. Plaintiff alleges verbatim:

> Defendant has been putting plaintiff through game-rape since she was 18 years old during 1968, when plaintiff let home, in Washington, DC, to live with a suppose-be an aunt on plaintiff-on her mother side; but this aunt was NO aunt

1

of hers. This aunt was some kind of that one who kill, the birth mother and took that infant, girl, plaintiff, to a house which that plaintiff grow-up in. During Wednesday September 19, 2018 night this defendant arrand many white male's to be at that house of plaintiff in Maryland, were they stick plaintiff then drag plaintiff on the floor and rape plaintiff.

Compl. at 2.

Complaints premised on fantastic or delusional scenarios or supported wholly by allegations lacking "an arguable basis either in law or in fact" are subject to dismissal as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]"); *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind."). The instant complaint satisfies this standard and warrants dismissal with prejudice. *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (A dismissal with prejudice is warranted upon determining "that 'the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'") (quoting *Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985) (other citation omitted)). A separate Order accompanies this Memorandum Opinion.

_____
United States District Judge

Date: October 23, 2018